McKinney, J.,
delivered the opinion of the Court.
The plaintiff in error was convicted upon a charge of receiving stolen goods, and sentenced to three years confinement in the penitentiary.
The prosecutor, Stephens, was examined on the trial, and was the principal witness for the State.
For the purpose of excluding said witness, on the ground of incompetency, from want of religious belief; it was proposed, on behalf of the defendant, to prove, that, within less than four months from the time of the trial, said Stephens “ had solemnly declared, that he did not believe the Bible was true; that he did not believe in the existence of a God; that he did not believe that man had any soul; that he was like the beasts; that his breath was his soul, when you stopped that, his soul • was destroyed, and that was the end of man.” The Court refused to admit this evidence; but stated, that the defendant might inquire as to the “general religous reputation” of Stephens; or might call Stephens, and interrogate him as to his religious belief; the defendant’s counsel declined to do either.
It is admitted that the sentiments imputed to Stephens, if really entertained, rendered him incompetent to testify as a witness; and the only question is, as to the mode of proof. Upon this point, a difference prevails in practice. Mr. Greenleaf states the ordinary mode of showing this objection to the competency of a witness is, “ by evidence of his declarations, previously made to others;” vol. 1, sec. 370, and note 2. And according to some of the authorities referred to in the note, it is not admissible to inquire of the witness as to *127 bis religious belief. On the other band, Mr. Starkie lays it down, (Vol. 1, p. 121) that, “Before a witness takes the oath, be may be asked whether he believes in the existence of a Grod, in the obligation of an oath, and in a future state of rewards and punishments; and if he does not, he cannot be admitted to give evidence.”
We have held recently, in a case not reported, that the party seeking to exclude a witness on this ground, may adopt either mode of proof; and we adhere to this determination as the better practice. If the witness really disregards the obligation of añ oath, it would seem to be neither safe, nor consistent, to resort to his examination.
If he has voluntarily avowed his disbelief, we perceive no reason why this should not be proved in the same manner as any other fact. The question, whether his declarations in regard to his faith have been correctly understood, as represented; as also the question, whether his opinion has undergone a change, will be open to proof of a like character.
In this view, his honor erred in excluding the evidence offered. But, in the instructions to the jury, we think there is no error.
Judgment reversed.